FINANCE & INVESTMENT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32216.   Promulgated April 22, 1930.

*William C. Sullivan, Esq.*, for the petitioner.
*J. D. Kiley, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted a deficiency in income tax for the year 1925 in the amount of $152.76. The only error pleaded

by petitioner is that respondent has improperly disallowed as deductions from gross income certain amounts paid in the taxable year as dividends on outstanding preferred stock. It is the theory of the petitioner, a Delaware corporation with its operating office in Washington, D. C., that such payments were interest on indebtedness and that the owners of the preferred stock in question were its creditors and not stockholders.

The petitioner's certificate of incorporation contains the following:

The total authorized capital stock of this corporation consists of Five Thousand (5,000) shares of common stock of the par value of Five Dollars ($5.00) per share, and Four Thousand (4,000) shares of preferred stock of the par value of Twenty-five Dollars ($25.00) per share.

The corporation will commence business with Five Hundred shares of common stock of the par value of Five Dollars each.

The preferred stock may be issued as and when the Board of Directors shall determine, and shall entitle the holders thereof to receive and the corporation shall be bound to pay out of the net earnings a dividend at the rate of eight (8%) per centum per annum, cumulative, payable in such instalments as the Board of Directors may prescribe, but before any dividend shall be set apart or paid on the common stock; provided, however, that whenever a dividend is paid on the preferred stock the Board of Directors shall have power in their discretion to declare and pay a dividend for a like period on the common stock, and in such amount as they may deem appropriate.

The holders of preferred stock shall not have any voting power whatsoever.

The holders of preferred stock shall, in case of liquidation or dissolution of the corporation, before any amount shall be paid to the holders of the general common stock, be entitled to be paid the par amount of their shares and the dividends accumulated and unpaid thereon, but shall not participate in any further distribution of the assets of the company.

Any part of the whole of such preferred stock shall be subject to redemption, at the discretion of the Company or of the holders thereof, at par plus accrued interest and unpaid dividends, on the thirty-first day of December, 1925, or at any dividend day thereafter; provided, that the company may by its Board of Directors limit the percentage which may be redeemed at the discretion of the holders thereof at any one time, may prescribe a bonus to be paid upon redemption made at the discretion of the company and a discount to be deducted upon redemption made at the discretion of the holders, and may also prescribe a specified notice to be given either by the company or by the holders, or by both, as a condition to the exercise of the right of redemption.

Without action by the stockholders, the shares of stock, common and preferred, as now authorized and as the same may hereafter be increased, may be issued by the corporation from time to time for such consideration as may be fixed from time to time by the Board of Directors thereof, without right or obligation or apportionment of any kind, and any and all such shares so issued, the full consideration for which has been paid or delivered, shall be deemed full paid stock and not liable to any further call or assessment thereon, and the holders of such shares shall not be liable for any further payment thereon.

The preferred stock certificates in question were, in form, as follows:

No. ——                                                    Shares ——

THE FINANCE AND INVESTMENT CORPORATION

INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE

This certifies that_____
is the owner of_____shares of the Preferred Capital Stock of

THE FINANCE AND INVESTMENT CORPORATION

of the par value of $25 each upon the terms and conditions following:

Transferable only on the books of the Corporation by the holder hereof in person or by attorney upon surrender of this certificate, properly endorsed; the holder hereof shall be entitled to receive out of the net earnings of the Corporation a fixed, cumulative dividend at the rate of 8% per annum, payable quarterly beginning March 31, 1925, before any dividend shall be set apart or paid on the common stock; in case of liquidation or dissolution, the holder hereof shall be entitled to be paid in full, both the par value hereof and the cumulative unpaid dividend hereof, before any amount shall be paid to common stockholders; the holder hereof shall not by reason hereof be entitled to vote at any meeting of the Corporation, or to participate in its earnings or profits beyond the said cumulative 8% dividend; preferred stock is redeemable in whole or in part at the election of the Corporation or of the stockholders upon 60 days' written notice prior to any dividend payment date on or after December 31, 1925; provided, redemption at the election of the Corporation shall be at par value plus 5% and accrued and unpaid dividends, and at the election of the stockholder shall be at 5% less than par, plus accrued and unpaid dividends; provided, further, that the Corporation shall not be required to redeem more than 10% of the actually issued and outstanding preferred stock at any one dividend payment date, and such redemption shall be in the order of application therefor.

IN WITNESS WHEREOF this Corporation has caused its name to be signed and its corporate seal to be affixed hereto by its duly authorized officers this _____ day of _____, A. D. 19_____.

_____ Secretary.   _____ President.

FULL PAID                                                NON-ASSESSIBLE

CAPITAL STOCK

Preferred, 4,000 shares, Par value $25.00 each.
Common, 5,000 shares, Par value $5.00 each.

*$25.00*

The question here raised has been decided by this Board in several proceedings. It will be noted that both the certificate of incorporation and the recital or contract on the face of the preferred stock certificate expressly provide that dividends on such stock are payable only from the net earnings of the petitioner. Clearly, the amounts paid in for preferred stock are at risk in the business and are a part of the capital of the petitioner. *Kentucky River Coal Corporation*, 3 B. T. A. 644; *Leasehold Realty Co.*, 3 B. T. A. 1129.

*Decision will be entered for the respondent.*